JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

CRAIG S. NOLAN
MICHAEL NAMMAR
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: Craig.Nolan@usdoj.gov
        Michael.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
March 25, 2021 4:46 pm (ea)
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. CR 21-00040 JMS |
| Plaintiff, ) | INFORMATION |
| vs. ) | [18 U.S.C. §§ 1343 and 1346] |
| KANANI PADEKEN, ) | |
| Defendant. ) | |

## INFORMATION

The United States Attorney charges:

## Honest Services Wire Fraud
(18 U.S.C. §§ 2, 1343, and 1346)

1.  In or about and between January 2017 and March 2020, both dates being approximate and inclusive, within the District of Hawaii and elsewhere, Defendant KANANI PADEKEN and William Wong, charged elsewhere, devised and intended to devise a scheme and artifice to defraud and deprive the citizens of the City and County of Honolulu and its Department of Planning and Permitting ("DPP") of their rights to the honest and faithful services of Defendant, who was then employed by DPP as a Building Plans Examiner, through bribery and the concealment of material information.

2.  The purpose of the scheme and artifice was for Defendant to secretly use her official position to enrich herself by soliciting and accepting gifts, payments, and other things of value from Wong in exchange for favorable official action, and for Wong to enrich himself by secretly obtaining favorable official action for himself, his companies, and his clients through corrupt means.

3.  The scheme and artifice was carried out by the following manner and means, among others:

    a.  Defendant solicited and accepted gifts, payments, and other things of value totaling at least $28,400.00 from Wong. The things of value included a bribe of $1,600.00 paid by check and deposited in Defendant's account at a credit union in Honolulu, Hawaii on or about October 1, 2018.

b.  Defendant provided favorable official action on behalf of Wong as requested and as opportunities arose, including approving building projects submitted for approval to DPP by Wong ahead of projects previously submitted by others.

c.  Defendant and Wong took steps to hide, conceal, and cover up Defendant's activity and the nature and scope of their dealings with each other, including by their use of text messages between Defendant's personal cell phone and Wong to carry out the scheme, and by their failure to inform DPP of the payments by Wong to Defendant in exchange for the expedited review of his projects.

4.  For the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, Defendant and Wong transmitted and caused to be transmitted certain writings, signs, signals, and sounds in interstate commerce, including on or about October 1, 2018, a wire communication by Defendant's credit union for the clearing and payment of a check from Wong to Defendant for $1,600.00 deposited into Defendant's account.

All in violation of Title 18, United States Code, Sections 2, 1343, and 1346.

Forfeiture Notice

5. The allegations set forth in all paragraphs of this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

6. The United States hereby gives notice to Defendant that, upon conviction of the offense charged in this Information, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, constituting, or derived from, proceeds traceable to the violation of Title 18, United States Code, Section 1343, alleged in this Information, including but not limited to bribes of $28,400.00 paid by Wong to Defendant in or about and between January 2017 and March 2020, both dates being approximate and inclusive.

7. If by any act or omission of Defendant, any of the property subject to forfeiture described in paragraph 6 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 6, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

      DATED: March 25, 2021, at Honolulu, Hawaii.

*/s/ Judith A. Philips*
JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

*/s/ Craig S. Nolan*
CRAIG S. NOLAN
Assistant United States Attorney

United States v. Kanani Padeken
Information
Cr. No.   CR 21-00040 JMS